Filed 10/17/13  P. v. Rodriguez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F064383 |
| Plaintiff and Respondent, | (Super. Ct. No. F11905911) |
| v. | **OPINION** |
| LARRY FRANK RODRIGUEZ, | |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Marcia A. Fay, and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Detjen, J., and Franson, J.

## INTRODUCTION

Appellant, Larry Frank Rodriguez, contends his conviction must be reversed because the trial court permitted the prosecutor to commit constitutional error, trial counsel was ineffective for failing to object to the error, and the trial court erroneously gave the flight instruction. We find any error harmless beyond a reasonable doubt and affirm the judgment.

## FACTS AND PROCEEDINGS

On January 10, 2012, the prosecutor filed a first amended information alleging that appellant committed assault by means likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1)).[1] It was further alleged that appellant inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). The jury convicted appellant of assault by means likely to cause great bodily injury but did not find the great bodily injury enhancement to be true. The court sentenced appellant to the midterm of three years. Appellant was awarded custody credits of 126 days and conduct credits of 126 days for total credits of 252 days.

Michael Cline testified at trial that on October 12, 2011, he was living over a department store in downtown Fresno. Cline was working on a computer in the common kitchen area with his friend, Dan Briam. Cline was on the phone with Michael, a computer repairman assisting Cline with the computer repair. There were a number of people in the hall making noise, so Cline shut the kitchen door to better hear Michael. A few seconds later, appellant slammed the door open and said, "How dare you shut this door."

Cline told appellant that he closed the kitchen door because he was on an important phone call and there was too much noise. Cline explained that anyone was

---

[1]      Unless otherwise noted, all statutory references are to the Penal Code.

welcome to come into the kitchen. Appellant replied that he did not care about appellant's phone call and he wanted the door to stay open. When appellant left the kitchen, Cline closed the door again. A few seconds later, appellant slammed the door open again and said to Cline, "How dare you." When Cline explained why he needed the door closed, appellant very forcibly pushed Cline up against the table. Cline had seen appellant drinking alcoholic beverages. Appellant was stumbling around and Cline smelled alcohol on appellant's breath. Cline believed appellant was intoxicated.

After pushing Cline against the table, appellant hit Cline in the head with a plate on the left temple behind his eye. The blow was hard enough that Cline nearly fell down and the plate broke into several pieces. Cline began to fight and wrestle with appellant. Appellant went back to his room after the fight. Blood was gushing from the wound on Cline's head. Cline's wound required eight stitches. Appellant had threatened Cline three or four times in the past for "different things."

Briam testified that Cline closed the kitchen door to call his friend, appellant slammed the door open, and yelled at Cline for closing the door. According to Briam, Cline told appellant that he was trying to make a phone call, appellant left, and Cline closed the door a second time. Appellant threw the door open, yelled at Cline, and Cline again explained that he was trying to make a phone call. Appellant entered the kitchen a third time. Cline told appellant he was making a phone call and would open the door when he was finished. Appellant then shoved Cline into the table. Cline got into appellant's face and yelled. Appellant hit Cline with a plate and Cline punched appellant. Briam got another resident to break up the fight. Cline had a gash on his forehead and Briam called 911. Prior to the arrival of the police, appellant was going in and out of his room. Appellant's demeanor was belligerent.

Fresno Police Officers Derek Avila and Scott Reese were dispatched to the residence just before 10:00 p.m. Avila and Reese found Cline in the common kitchen

3

area standing over a sink and bleeding profusely. Avila considered Cline's injury to be a serious wound. There was a significant amount of blood in the kitchen. Cline told Avila where appellant lived and told Avila appellant was in his room.

Avila knocked on appellant's door several times, announced who he was, and asked appellant to come to the door. Avila was concerned about officer safety because he heard a male voice inside the room and did not know if the man was armed. Appellant replied that he was not going to come to the door and that the officers needed a warrant.[2] After 10 to 15 minutes of trying to persuade appellant to come to the door, Reese kicked in the door and appellant was arrested. Appellant had some blood on the palms of his hands. Appellant was belligerent, uncooperative, had watery eyes, his speech was slurred, he was unsteady on his feet, and had a strong odor of alcohol on his breath.

## CONSTITUTIONAL ERROR

Appellant contends that admission of his refusal to leave his room without a warrant violates the privilege to be free from comment upon the assertion of a constitutional right. Respondent concurs with appellant that it was error for the court to permit appellant's comment to the police into evidence but argues that the error was forfeited and was harmless beyond a reasonable doubt. We agree with respondent that any error was harmless beyond a reasonable doubt.

---

[2] During a pretrial conference, the prosecutor announced that she was seeking to introduce appellant's statement that he was not coming to the door and the officers needed a warrant. The court noted its concern that even if this was an imperfect assertion of a Fourth Amendment right, the evidence could not be used against appellant. The court stated that there was no other way to have the information conveyed to the jury and the jury was entitled to hear this information. Defense counsel agreed with the court. The court found that appellant's statement did not rise to the same level as invoking the right against self-incrimination and the statement was not, in itself, incriminating. The court concluded the jury could hear the statement. The prosecutor referred to appellant's statement in her closing argument to the jury.

Criminal defendants have a privilege to be free from comment on the exercise of a constitutional right. (*People v. Wood* (2002) 103 Cal.App.4th 803, 807-810 (*Wood*) [error to admit defendant's comment to investigators that they knew better than to enter his property]; *People v. Keener* (1983) 148 Cal.App.3d 73, 78-79 [error to admit evidence that the defendant refused to leave his apartment even though police had a right to enter without a warrant].) In *Griffin v. California* (1965) 380 U.S. 609 (*Griffin*), the Supreme Court found it impermissible for the prosecutor to comment on the defendant's exercise of his Fifth Amendment right not to testify at trial.

Constitutional violations, however, are subject to the harmless beyond a reasonable doubt standard of appellate review set forth in *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*). In *Wood*, the defendant was accused of animal abuse and would not allow officers access to a field. (*Wood*, *supra*, 103 Cal.App.4th at pp. 805-807.) Although the *Wood* court found the trial court erred in permitting testimony that implicated the defendant's guilt based on his assertion of Fifth Amendment constitutional right not to testify against himself, *Wood* found that under the *Chapman* standard of review any error was harmless beyond a reasonable doubt. In *Wood*, the challenged evidence also would have been admissible as impeachment evidence. (*Wood*, *supra*, at pp. 809-810.)

Here, there is no issue concerning appellant's identity or the essential facts of the assault he committed on Cline. Cline's and Briam's accounts of events varied in small details, but were consistent on important details. Appellant presented no evidence to refute Cline's and Briam's testimony. The observations of the officers corroborated important details of what occurred, including for instance, that appellant appeared to be intoxicated and had blood on his hands. Given the strength of the prosecution's case, we find that any error in referring to appellant's assertion of the need for a warrant to be harmless beyond a reasonable doubt under the *Chapman* standard of review.

5

Respondent argues that defense counsel's failure to object to constitutional error like *Griffin* error, is subject to forfeiture for appellate review. (See *People v. Cornwell* (2005) 37 Cal.4th 50, 91.) Appellant meets this challenge by contending that his counsel was ineffective for failing to make the objection.[3] Even if trial counsel did not have a strong tactical reason for failing to make an objection, to prevail on an assertion of ineffective assistance of trial counsel, the record must affirmatively demonstrate a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.[4] Appellant must show prejudice. As we have already discussed, appellant failed to do so beyond a reasonable doubt.

## FLIGHT INSTRUCTION

Appellant further contends the trial court erred in instructing the jury on flight.[5] Appellant argues that after the assault, he went back to his own room and was seen in and out of the hallway prior to the officers' arrival. During the prosecutor's rebuttal

---

[3]     Appellant challenges the effectiveness of his trial counsel for failing to object to the introduction of this testimony. The defendant has the burden of proving ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of trial counsel, the defendant must establish not only deficient performance, which is performance below an objective standard of reasonableness, but also prejudice. Prejudice must be affirmatively proved. The record must affirmatively demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) Attorneys are not expected to engage in tactics or to file motions that are futile. (*Id.* at p. 390; also see *People v. Mendoza* (2000) 24 Cal.4th 130, 166.)

[4]     We granted appellant's request to take judicial notice of the record of appellant's petition for a writ of habeas corpus to this court in case No. F066881.

[5]     The court instructed the jury that "if the defendant fled immediately after the crime was committed or after he was accused of committing the crime that conduct may show that he was aware of his guilt. If you conclude that the defendant fled or tried to flee, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled cannot prove guilt by itself."

argument, she mentioned both that appellant told officers he was not coming out and they needed a warrant.

The flight instruction is appropriate if the evidence shows a defendant left the scene of the crime under circumstances suggesting his or her movement was motivated by consciousness of guilt. (*People v. Roybal* (1998) 19 Cal.4th 481, 517.) Mere return to familiar environs from the scene of a crime does not warrant an inference of consciousness of guilt. Flight may be shown if a defendant left the immediate area of a crime to avoid being observed or arrested. Flight can occur even where the defendant left the victim's apartment after killing her but did not leave the building where the defendant was overheard saying he needed to "get the hell out of here," had packed his belongings, and pled with his roommate for a ride out of town. (*People v. Bradford* (1997) 14 Cal.4th 1005, 1055 (*Bradford*).)

Appellant retreated to his own room after the incident and was seen walking in and out of his room, *until* the officers arrived. Although this is not as strong as the evidence of flight in *Bradford*, appellant refused entry into his room for some 10 to 15 minutes. The prosecutor was entitled to argue that under these facts, appellant was trying to evade arrest and the flight instruction was properly given.[6]

We agree with respondent that the jury was permitted under the instruction to weigh the evidence and determine for itself whether appellant fled the scene. More importantly, even where a flight instruction is inappropriately given, the error is harmless where the evidence against the defendant is overwhelming and there is no reasonable probability that a more favorable result to the defendant would have occurred in absence of the instruction. (*People v. Clem* (1980) 104 Cal.App.3d 337, 344-345 (*Clem*) [finding

---

[6]   We agree with appellant that the prosecutor should not have referred to appellant's statement that officers should obtain a warrant, but we found this error to be harmless under the *Chapman* standard of review.

flight instruction error harmless under the standard of review set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836]; *People v. Crandell* (1988) 46 Cal.3d 833, 870 [citing *Clem* with approval].)  We find the error here, if any, harmless under the *Chapman* standard of review.

## DISPOSITION

The judgment is affirmed.